## *In re* PLUMB.

(*Supreme Court, General Term, First Department.*  January 28, 1889.)

1. GUARDIAN AND WARD—REMOVAL OF GUARDIAN—INJUNCTION PENDING ACTION.
    Where a petition by a ward for the removal of a guardian alleges, and it is not denied, that the guardian has no means of his own, and has lived for years extravagantly, and no attempt is made to show the source whence his living expenses have been derived, it will be inferred that he has used the trust fund, and an order enjoining him from acting as guardian of the ward's person or estate pending the removal proceeding is proper.  BARTLETT, J., dissenting.

2. SAME—SERVICE OF ORDER.
    Though Code Civil Proc. N. Y. § 2834, requires such injunction order to accompany the citation, and be served therewith, yet under section 2481, giving a surrogate power in or out of court to make an order, among others, enjoining a guardian against whom a citation has issued from his court from acting as such until the further order of the court, an order made and served after service of such citation is valid.

3. SAME—CITATION—WHEN ISSUED.
    Under Code Civil Proc. N. Y. § 2833, providing that, on the presentation of a petition for the removal of a guardian, the surrogate must inquire into the matter, and for that purpose he may issue a subpœna to require any person to testify, and, if he is satisfied that there is probable cause to believe the allegations of the petition to be true, he shall issue a citation to the guardian to answer the petition, the surrogate is not bound to issue such subpœnas, but may, if satisfied of the probable truth of the allegations of the petition by an inspection of the petition itself, issue such a citation without other evidence.

4. SAME—PETITION—WAIVER OF OBJECTIONS—REFERENCE.
    Though such a petition is insufficient if it contains only the conclusions of fact in the language of the statute, if issue is joined, without objection, such defect is waived, and the surrogate has jurisdiction to make an order of reference to inquire into the facts at issue.

Appeals from surrogate's court, New York county.

Sarah Lenita Plumb, an infant, filed a petition for the removal of her father, James N. Plumb, from his trust as the guardian of her person and estate. Pending the petition, and an order of reference thereon, an order was made enjoining said defendant from acting as such guardian until the further order of the court, and defendant appeals, as well from the restraining order as from the order of reference.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Vanderpoel, Cuming & Goodwin,* (*Henry Thompson,* of counsel,) for appellant.  *Turner, McClure & Ralston,* for respondent.

#### ON APPEAL FROM RESTRAINING ORDER.

VAN BRUNT, P. J.  The grounds urged upon this appeal are—*First,* that the injunction order was issued irregularly, the court being without jurisdiction to make it, and that it is therefore void; and, *second,* that the order was an abuse of discretion, if considered upon the merits.

We will first consider the question of irregularity.  It is claimed that the order was irregular because it did not accompany the citation, and was not served therewith, but long afterwards.  This point is claimed to be well taken, because of the provisions of section 2834 of the Code, which provides that, upon issuing the citation as prescribed in the last section, the surrogate may, in his discretion, make an order suspending a guardian wholly or partially from the exercise of his power and authority during the pendency of the proceeding, and that a certified copy of the order so made must accompany the citation, and be served therewith.  The provisions of this section, however, do not seem to us to confine the surrogate to the making of an order of injunction against the guardian which shall accompany the citation issued upon the petition for his removal.  By section 2481 the surrogate, in court or out of court, as the case requires, has power to enjoin by order a guardian, to whom a citation or other process has been duly issued, from acting as such until the further order of the court.  This provision expressly authorizes the

surrogate to exercise this power either in court or out of court, after the issuance of a citation, and section 2834 is merely an amplification of this authority, which provides that the surrogate may in his discretion, upon issuing a citation, make such an order, and in such case the order must accompany the citation. There is no such provision in section 2481. By section 2481, subd. 4, as has been said, the surrogate has power to enjoin by order a guardian to whom a citation or other process has been duly issued, expressly conferring the power to act after the issuance of the citation. Had it not been for the provisions of section 2834, it might very well have been argued that the surrogate had no power to make an order of injunction which should accompany the citation, but that it was necessary that the citation should be served before such power could be exercised; and it seems that section 2834 was inserted for the purpose of preventing a failure of justice because of the inability of the surrogate to issue citation and enjoin at the same time. The procedure of the surrogate in this respect seems to have been entirely in harmony with the provisions of the Code.

The other objection, that the issuance of the order was an abuse of discretion, if considered upon the merits, does not seem to be well founded. There are specific allegations in the petition of misconduct on the part of the guardian. It is alleged in the petition by the petitioner that her father and guardian has no means of his own, and lives a live of leisure, and has always been most extravagant in his manner of living; and the inference necessarily to be drawn from this allegation is that he has been living upon the trust. In his answer there is no refutation of this allegation, nor does the guardian show in any manner from whence he has derived his own living during the period that he has been exercising the duties of his trust. This fact alone would be sufficient to excite inquiry as to how the trust has been administered, and the fact, being admitted apparently, that the guardian has been living upon his ward during this series of years, would be such as would authorize the surrogate to take the action which he has done.

There are other allegations in the petition, some of which are denied, and some of which are attempted to be explained. But there were reasons and circumstances connected with the whole transaction which would naturally excite suspicion, and which justified the surrogate in taking the extreme action which he did, by granting the injunction restraining the appellant from acting as the guardian of his daughter. The order should be affirmed, with $10 costs and disbursements.

DANIELS, J., concurs.

BARTLETT, J., (*dissenting.*) While I think the facts warranted the surrogate in enjoining the appellant from acting as guardian of the estate for the time being, I can see no adequate reason for making that part of the order which restrains him from acting as guardian of his daughter's person. Her statement that she was forced to place herself under the protection of friends by reason of fear of personal violence from her father is entitled to very little weight, in view of the specific facts stated in her father's affidavit, showing the affectionate relations which existed between him and his daughter prior to her departure. I think this portion of the order appealed from should be reversed, and the father left at liberty to assert his rights as the natural guardian of his child. If his fitness is then questioned, it can best be determined upon *habeas corpus* proceedings, where the judge can take oral testimony, and have the advantage of seeing all the parties to the controversy.

#### ON APPEAL FROM ORDER OF REFERENCE.

VAN BRUNT, P. J. The mere allegation of conclusions of fact in the language of the statute, although it has been held by the court of appeals to be

sufficient to confer jurisdiction, should not, however, be considered by the court as sufficient to authorize judicial action. The facts upon which these conclusions are founded should be set forth, in order that the court may see that such conclusions are supported by the facts from which they are deduced, Applying this rule to the case at bar, the petition would seem to be entirely insufficient, except, perhaps, in so far as the removal is asked for upon the ground of non-residence. In that respect the petition sets forth the facts from which the conclusion that the guardian has become a non-resident is drawn, and is not subject to the criticism which might be passed upon the balance of the petition, which simply alleges conclusions of fact without anything to support the same. If at the time of the return of the citation this objection had been taken, we think it would have been the duty of the surrogate to have dismissed the petition, so far as these allegations were concerned, because of the infirmity referred to. But it appears that the guardian appeared and answered without objection, and now appeals from the order thereupon entered. We think that upon appeal the objection is not available, and that the right to object to the infirmities of the petition has been lost by the answer without objection.

The point that the surrogate has not proceeded according to the provisions of the law does not seem to be well taken. Reference is made to section 2833 of the Code, which provides that, upon the presentation of a petition as prescribed in the last section, the surrogate must inquire into the matter, and for that purpose he may issue a subpœna to any person requiring him to appear and testify in the premises. If the surrogate is satisfied that there is probable cause to believe that the allegations are true, he must issue a citation to the guardian complained of, and upon the return thereof, if the material allegations of the petition are established, he must make a decree revoking the guardian's letters accordingly. The duty of the surrogate upon the presentation of a petition of this kind is prescribed by the act, namely, he must inquire into the matter. He is given the power to issue subpœnas if he chooses so to do. If, however, he deems a case sufficiently made out by the petition presented, and is satisfied that there is probable cause to believe the allegations are true, then the authority to issue a citation is conferred upon him. What inquiry he must make, and to what extent, is left entirely discretionary with him. It was for him to determine, upon the papers before him, whether he was satisfied that there was probable cause to believe that the allegations of the petition were true, and then he was authorized to issue the citation. There was nothing irregular in his procedure, if the papers conferred jurisdiction; and, as it has been held that allegations of this kind do confer jurisdiction, there being no objection taken at the joining of issue, so far as the record shows, to the sufficiency of the petition, he had the authority to take the ordinary procedure for the purpose of establishing facts requisite to the decision to be made. We think, therefore, that the objection comes too late, and that the order appealed from must be affirmed, with $10 costs and disbursements.

BARTLETT and DANIELS, JJ., concur in the result.