amount as plaintiff, where one claims for goods sold and the other upon a draft. Bassett v. Leslie, 123 N. Y. 396.

A receiptor to the sheriff for goods in dispute cannot bring suit in the nature of interpleader against other parties to determine the title to the goods. Cromwell v. Am. L. & T. Co., 57 Hun, 149.

Where the defendants disclaim any interest in the fund and declare their readiness to pay it into court, to abide its determination of the question involved, and they are subjected to a double demand, without any suggestion of collusion between them and the defendants proposed to be substituted in their place, an order of interpleader will be granted. Pratt v. Myers, 63 Hun, 634.

An interpleading bank should be directed to deposit the fund in court and not·to open a new account to the credit of the action. Faivre v. U. D. S. Ins., 36 N. Y. St Rep. 79.

See Baker v. Brown, 64 Hun, 627.

An application to come in and be made a party defendant comes too late after an affirmance at general term, where the petitioner knew of plaintiff's claim to the fund before the trial and was informed of the pendency of the action shortly after the trial. Brennan v. Hall, 62 Hun, 622.

See note in 2 Sil. (Ct. of App.) 347.

---

In the Matter of the Application for the Removal, etc., of JAMES NEALE PLUMB, as General Guardian.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Surrogate's court. Payment of debts.*—Objections to the sufficiency of the petition, or the merits of the application, are not available on a motion to appoint a new in place of a deceased referee, after the original order has been affirmed on appeal.

Appeal from an order of the surrogate appointing a referee in the place of a referee deceased.

*Henry Thompson,* for appellant.

*David Mc Clure,* for respondent.

VAN BRUNT, P. J.—This general term decided, upon an-

appeal from the order directing a reference and appointing the referee who has since died, that the surrogate had the power to make the order appealed from.

The referee named in that order having died, this motion was made to appoint some suitable person as referee in the place of the deceased referee.

Upon the hearing of this motion the counsel for the appellant attempted to raise objections to the sufficiency of the petition which upon the previous appeal this court held would have been fatal to the original application, had they been made before answer was filed to the petition.

It seems to be clear that such objections cannot avail upon this motion.

The proceeding is before the surrogate. He had determined that a reference was necessary to take proof, and this determination has been affirmed upon appeal.

The referee originally named having died, the only question before the surrogate was the naming of another in his place. The determination to refer having been upheld, and being finally determined to be proper, no objection going to the merits of the application can be entertained.

As was stated upon the previous appeal, this objection comes too late.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DANIELS and BARRETT, JJ., concur.